IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JACQUELINE D. MARSTELLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA No. 1:13cv593 |
| ) | (JCC/JFA) |
| ECS FEDERAL, INC. ) | |
| f/k/a ELECTRONIC CONSULTING ) | |
| SERVICES, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |

**RULE 26(f) JOINT PROPOSED DISCOVERY PLAN**

COMES NOW the Plaintiff, Jacqueline D. Marsteller ("Ms. Marsteller") and the Defendants, ECS Federal, Inc., f/k/a Electronic Consulting Services, Inc., S. Roy Kapani, and George Wilson (collectively, "Defendants"), by and through the undersigned counsel, and respectfully submits the following Rule 26(f) Joint Discovery Plan in accordance with this Court's Scheduling Order dated July 2, 2012:

**I.   Conference of the Parties**

The Plaintiff and the Defendants (collectively, the "parties") have conferred prior to this conference to consider claims, defenses, possibilities of a prompt settlement, trial before a magistrate judge, and to arrange for disclosures as required by Rule 26(a)(1).

**II.   Initial Disclosures**

The parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be exchanged on or before August 14, 2013.

**III.    Settlement Potential**

At this time, while the parties have discussed settlement, they are not in agreement as to proceeding to mediation.   If that position changes, they will notify the court to schedule a settlement conference with Judge Anderson.

**IV.    Magistrate Judge**

The parties have conferred and do not agree to try this matter in front of a United States Magistrate Judge.

**V.    Fact Depositions**

Plaintiff's Position:   Plaintiff does not anticipate that she will need to take more than five non-party fact depositions for the allegations in the Complaint, but may need to depose more than five (5) fact witnesses to rebut the allegations in the Counterclaims and Defendants' stated defenses.   Current employees of the corporate defendants are party witnesses for purposes of this litigation.   Plaintiff reserves the right to depose certain Government individuals and agencies with knowledge of the contracts referenced in the Complaint.   Plaintiff expressly reserves the right to depose other individuals pursuant to Fed. R. Civ. P. 30 and 45 as is indicated by the Plaintiff's investigation of, discovery in, and litigation of this case.   Plaintiff expressly reserves the right to seek leave of the Court to take additional non-party and fact depositions pursuant to the Court's June 26, 2012 Order and Fed. R. Civ. P. 30(a)(2)(A).

Defendants' Position: Defendants do not anticipate that they will need to take more than five (5) non-party fact depositions.   Defendants expressly reserve the right to depose other individuals pursuant to Fed. R. Civ. P. 30 and 45 as may be indicated based on investigation and discovery responses, including responses to subpoenas, in this case.   Defendants expressly

reserve the right to seek leave of court to take additional non-party and fact depositions pursuant to the Court's June 26, 2012, Order and Fed. R. Civ. P. 30(a)(2)(A).

## VI. Interrogatories

The parties do not anticipate they will need to serve more than thirty (30) interrogatories per party, including parts and subparts.

## VII. Requests for the Production of Documents

The parties agree that the exchange of written requests for the production of documents and responses shall be conducted pursuant to Fed. R. Civ. P. 34, including the specific requirements governing electronic documents.

## VIII. Requests for Admissions

The parties agree that the exchange of written requests for admissions shall be conducted pursuant to Fed. R. Civ. P. 36.

## IX. Expert Witnesses

The parties agree to the following schedule for identification of expert witnesses, in conformance with Local Civil Rule 26(D):

> Plaintiff's Expert Report: September 1, 2013   (at least 90 days before trial)
> Defendants' Expert Report(s):   October 1, 2013
> Any Rebuttal Report:   October 15, 2013

Depositions of any expert witness will take place after that expert's report has been served. The parties agree to cooperate to ensure that depositions of retained experts are completed within the discovery deadline.

**X.     Subpoenae**

The parties expressly reserve their rights to conduct additional discovery through the use of subpoenae pursuant to Fed. R. Civ. P. 45 as is indicated by each party's investigation of, discovery in, and litigation of this case.

**XI.    Serving and Filing Pleadings**

Service and filing of pleadings in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing policies and procedures.

**XII.   Disclosure or Discovery of Electronically Stored Information**

The parties agree that electronically stored information produced in discovery, if any, may be produced in hard copy, as attachments to e-mail, or on CD.  The parties agree that the electronically stored information produced may be in any of the following formats: .DOC, .XLS, .PDF, .TIF, and/or .PST.  In the event that any party, after reviewing the document, determines that it would like the metadata of that document, that party shall request in writing the metadata, and, if available, subject to objection of counsel to be resolved by the court if raised, the metadata shall be produced promptly subject to objection of counsel and ruling of court, if raised.

**XIII.  Claims of Privilege or Protection of Trial Preparation Materials**

If a privilege or privileges are asserted as to any information requested in discovery, the party asserting privilege shall specify the legal basis for such assertion and identify sufficient facts giving rise to any alleged claim of privilege.  The party asserting privilege shall identify any information, document, or other material (collectively, "material") for which any privilege is asserted by means of production of a Privilege Log.  For all material identified in the Privilege Log, the asserting party shall identify the date, author or generator, persons shown as having been or otherwise known as having been a recipient of the material, and any other information sufficient

to establish the applicability of the privilege asserted.   If the asserting party contends that he has attempted to procure the waiver of the privilege, he shall identify fully the persons with whom he communicated and the stated reason for refusal to waive the privilege.

Defendants propose that communications between the firms representing the respective parties are privileged and are exempt from identification on a Vaughn Index.

## XIV.  Preservation of Discoverable Information

The parties have addressed the matter of preservation of discoverable information, and did so prior to the filing of this case.   Both parties believe that they have taken reasonable steps to preserve all such information.

## XV.  Completion of Discovery

The parties understand that discovery must be completed by Friday, October 11, 2013, pursuant to this Court's Order dated July 2.

## XVI.  Summary Judgment

The parties agree that Fed. R. Civ. P. 56 and Local Civil Rule 56 shall govern motions for summary judgment.

## XVII. Protective Order

In the event a Protective Order is deemed necessary, the parties shall work together to agree on a form and shall comply with the requirements of *Virginia Dept. of State Police v. The Washington Post, et al.*, 386 F.3d 567, 575-76 (4th Cir. 2004), and *Ashcraft v. Conoco*, 218 F.3d. 288 (4th Cir. 2000).   The parties agree that the production and conduct of discovery shall not be withheld or delayed in any manner because a Protective Order has not been entered; instead the parties will maintain the confidentiality of any documents or information designated in good faith

as confidential unless and until a Protective Order is entered governing the designated documents and information.

**XVIII. Other Matters**

    A.    <u>Dispositive Motions</u>

All dispositive motions shall be governed by Local Rule 7.

    B.    <u>Motions in Limine</u>

The parties shall file their Motions in Limine to be heard the Friday before trial or earlier if possible.

    C.    <u>Witness List, Exhibits (Objections) and Stipulations</u>

These matters are addressed in this Court's Order dated July 2, 2012 which sets the Final Pretrial Conference for Thursday, October 17, 2013 at 10:00 a.m. The Plaintiff requests that the parties shall exchange their witness lists and shall provide full copies, marked and tabbed, of their proposed trial exhibits prior to the Final Pretrial Conference. Each party shall file their objections to the other party's witnesses and/or trail exhibits on or before October 28, 2013.

July 23, 2013               Respectfully submitted,

                           */s/ CARLA D. BROWN*
                           _____
                           Carla D. Brown, VA Bar No. 44803
                           cbrown@cbcblaw.com
                           CHARLSON BREDEHOFT COHEN
                             BROWN & SAKATA, P.C.
                           11260 Roger Bacon Drive, Suite 201
                           Reston, Virginia   20190
                           (703) 318-6800 Telephone
                           (703) 318-6808 Facsimile

                           *Counsel for Plaintiff, Jacqueline D. Marsteller*

/s/ MICHAEL E. BARNSBACK
_____
Michael E. Barnsback, VA Bar No. 33113
Michael.Barnsback@leclairryan.com
LECLAIRRYAN
2318 Mill Road, Suite 100
Alexandria, Virginia 22314
Telephone:   (703) 647-5931
Facsimile:    (703) 647-5993,
*Counsel for Defendants, ECF Federal, Inc.,*
   *Roy Kapani and George Wilson*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Michael E. Barnsback, VA Bar No. 33113
Michael.Barnsback@leclairryan.com
LECLAIRRYAN
2318 Mill Road, Suite 100
Alexandria, Virginia 22314
Telephone:   (703) 647-5931
Facsimile:    (703) 647-5993,
*Counsel for Defendants, ECF Federal, Inc.,*
   *Roy Kapani and George Wilson*


/S/   CARLA D. BROWN
_____
ecb@cbcblaw.com
Carla D. Brown
Virginia Bar No. 44803
cbrown@cbcblaw.com
CHARLSON BREDEHOFT COHEN
   BROWN & SAKATA, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
(703) 318-6800 Telephone
(703) 318-6808   Facsimile

*Counsel for Plaintiff, Jacqueline D. Marsteller*