**ATTACHMENT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JACQUELINE D. MARSTELLER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ECS FEDERAL, INC. )<br>f/k/a ELECTRONIC CONSULTING )<br>SERVICES, INC., et al. )<br>)<br>Defendants. )<br>) | Civil Action: 1:13-cv-00593 JCC/JFA |

## DEFENDANT ECS FEDERAL, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant ECS Federal, Inc. ("Defendant," "ECS"), by counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby submits its responses and objections to Plaintiff Jacqueline D. Marsteller's ("Plaintiff," "Ms. Marsteller") Second Request for Production of Documents.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

2. The definition of "ECS" as including "its subsidiaries, affiliates, predecessors and associated corporations, partnerships and entities," is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it encompasses entities that are not parties to this action.

4(a). The definition of "Document" is unduly burdensome and is overly broad as it goes beyond the definition of "documents" found in Fed.R.Civ.P. 34(a).

4(b).   The Federal Rules of Civil Procedure, Rules 26 and Rule 24, do not require a party to provide such information in response to requests for production of documents.

4(c), (d):   A blanket demand to produce all ESI in original format with metadata included is burdensome and expensive, and outweighs its likely benefit considering the needs of the case. Rule 34 required that each request must specify the form of production, and does not permit the type of blanket demand propounded by Plaintiff. Moreover, the parties are required under Rule 16 to meet and confer on the production of ESI.

5.   The definition of "Person" as including "any predecessors or successors in interest," is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it encompasses entities that are not parties to this action.

6.   Rule 34 does not require a responding party to provide the written information sought under the definition for "identity," or "identify," or "describe," or "detail."

7.   Defendant objects to the definition of the terms "relating to," "regarding," and "referring to" to the extent the definitions are contrary to their common usage and dictionary definition.

11.   Rule 34 does not require a responding party to provide the written information requested.

12.   Defendant objects to the instructions concerning privilege in that they attempt to impose greater requirement to assert a privilege than what is required Rule 26(b)(5).

13.   Defendant objects to the time period as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## RESERVATION OF OBJECTIONS

1. Defendant reserves the right to object to the production of documents subject to the attorney-client privilege and work product doctrine upon identification of such protected information during the course of discovery.

2. In responding to these requests, Defendant does not concede and specifically reserves the right to object to the admissibility of the documents produced.

ECS reserves the right to supplement these responses.

## REQUESTS FOR PRODUCTION

1. Please produce all documents that support any allegation by ECS that Ms. Marsteller is misusing, or has misused ECS confidential, proprietary, and/or trade secret information.

**RESPONSE:** ECS 000923-1056, 1057-1226, 1287-1289. See also, PL00029-78, 132-146, 171-235, 239-259, 261-289, 292-353, 359-360, 366-374, 389-403, 407-453, 491-574, 577-679.

2. Please produce all documents that support any contention by Defendants that Ms. Marsteller used or misused any ECS confidential, proprietary, and/or trade secret information to the benefit of Ausley Associates, Inc. ("Ausley"), including to assist Ausley in receiving its IO 9001:2008 certification.

**RESPONSE:** ECS 001057-1226, 1287-1289.

3

3. Please produce all documents relating to any and all damages sustained by ECS as a result of Ms. Marsteller's alleged misuse of ECS confidential, proprietary and/or trade secret information.

RESPONSE: See ECS000608-614, 745-757.

4. Please produce all documents relating to any irreparable harm suffered or potentially suffered by ECS should Ms. Marsteller have disclosed any confidential, proprietary and/or trade secret ECS information in her possession.

RESPONSE: See the EEOC charge filed by Ms. Marsteller and the Amended Complaint and pleadings filed by her in this case. .

5. Please produce all documents relating to all requests by ECS for the return of the information from Ms. Marsteller after ECS discovered that the information had been downloaded or otherwise copied.

RESPONSE: See the Counterclaim.

6. Please produce all documents that support your Affirmative Defense that "[t]he Complaint fails to state claim upon which relief may be granted."

RESPONSE: See the Amended Complaint.

7. Please produce all documents that support your Affirmative Defense to Count One that any of Plaintiff's claims "are time-barred and barred because Plaintiff failed to exhaust her administrative remedies and failed to comply with the procedural prerequisites prior to bringing her claims before this Court."

**RESPONSE:** See PL00787-804.

8. Please produce all documents that support your Affirmative Defense that "Plaintiffs claims in Count One against Defendant ECS are barred because all job actions taken with respect to Plaintiff were for legitimate, non-discriminatory reasons that were unrelated to Plaintiffs gender or any protected activity in which Plaintiff engaged," or because "even if some impermissible motive were a factor in any employment decision concerning Plaintiff ... the same decision(s) would have been reached for legitimate business reasons."

**RESPONSE:** See ECS000001-42, 52-70, 87, 97, 111, 134-217, 416, 418-19, 436, 449, 566.

9. Please produce all documents that support your Affirmative Defense that with respect to Count One, Plaintiffs claim for "back pay is limited, and her claim for front pay and benefits is eliminated pursuant to the after-acquired evidence doctrine based upon Plaintiffs breaches of the ECS, Inc. Employment Proprietary Information, Inventions and Non-Competition Agreement including paragraphs 1.1, 1.4 and 7, breach of fiduciary duty, conversion and other wrongful acts involving her misappropriation of confidential, proprietary and trade secret information of Defendant ECS."

5

**RESPONSE:** See ECS 000079-83, 97, 416-417, 422-24, 487-88. 923-1056, 1057-1226, 1287-1289. See also, PL00029-78, 132-146, 171-235, 239-259, 261-289, 292-353, 359-360, 366-374, 389-403, 407-453, 491-574, 577-679.

10. Please produce all documents that support your Affirmative Defense that with respect to Count Two, "the alleged oral contract is barred by the statute of frauds, because the alleged contract cannot be performed within a year, as determination of the total 'value' of the USPS NCSC contract requires performance by ECS under the contract which has a two-year base period, with four two-year option periods."

**RESPONSE:** See ECS001227-1286.

11. Please produce all documents that support your Affirmative Defense that with respect to Count Two, "Defendants expressly deny that any contract or promise of payment of 1 % of the value of the USPS NCSC contract was ever made with or to Ms. Marsteller, however, in the alternative, any such contract or promise term is too vague and ambiguous to be enforced."

**RESPONSE:** There are no responsive documents.

12. Please produce all documents that support your Affirmative Defense that with respect to Count Two, "Defendants expressly deny that any contract or promise of payment of 1 % of the value of the USPS NCSC contract was ever made with or to Ms. Marsteller, however,

6

in the alternative, any such contract or promise fails for lack of consideration based upon Ms. Marsteller's acceptance of the $94,986 bonus payment in December of 2011."

**RESPONSE:** See ECS001290-1291.

13. Please produce all documents that support your Affirmative Defense that with respect to Count Two, "Defendants expressly deny that any contract or promise of payment of 1% of the value of the USPS NCSC contract was ever made with or to Ms. Marsteller, however, in the alternative, any such contract or promise was waived based upon Ms. Marsteller's acceptance of the $94,986 bonus payment in December of 2011."

**RESPONSE:** See ECS001290-1291.

14. Please produce all documents that support your Affirmative Defense that with respect to Count Two, "Defendants expressly deny that any contract or promise of payment of 1% of the value of the USPS NCSC contract was ever made with or to Ms. Marsteller, however, in the alternative, to the extent any such contract is proved, any provable damages are subject to a setoff in the amount of $94,986."

**RESPONSE:** See ECS001290-1291.

15. Please produce all documents that support your Affirmative Defense that with respect to Count Three, "Defendants expressly deny that any contract or promise of payment of 1% of the value of the USPS NCSC contract was ever made with or to Ms. Marsteller, however, in the alternative, to the extent any such contract is proved, Plaintiffs claim for unjust enrichment is barred as a matter of law."

RESPONSE: There are no responsive documents.

16. Please produce all documents that support your Affirmative Defense that with respect to Count Three, "Plaintiff's claim for unjust enrichment is barred by Plaintiff's unclean hands based upon her breaches of the ECS, Inc. Employment Proprietary Information, Inventions and Non-Competition Agreement, breach of fiduciary duty, conversion and other wrongful acts involving her misappropriation of confidential, proprietary and trade secret information of Defendant ECS."

RESPONSE: See ECS 000079-83, 97, 416-417, 422-24, 487-88. 923-1056, 1057-1226, 1287-1289. See also, PL00029-78, 132-146, 171-235, 239-259, 261-289, 292-353, 359-360, 366-374, 389-403, 407-453, 491-574, 577-679.

17. Please produce all documents that support your Affirmative Defense that with respect to Count Three, "Defendants expressly deny that ECS was unjustly enriched, however, in the alternative, any such claim for payment was waived based upon Ms. Marsteller's acceptance of the $94,986 bonus payment in December of 2011."

RESPONSE: See ECS001290-1291.

18. Please produce all documents that support your Affirmative Defense that with respect to Count Three, "Defendants expressly deny that ECS was unjustly enriched, however, in the alternative, damages related to any such claim for payment should be setoff based upon Ms. Marsteller's acceptance of the $94,986 bonus payment in December of 2011."

8

**RESPONSE:** See ECS001290-1291.

19. Please produce all documents that support your Affirmative Defense that "[w]ith respect to Count Four, Virginia Code § 40.1-29 does not create a private right of action for the recovery of unpaid compensation."

**RESPONSE:** See Virginia Code § 40.1-29.

20. Please produce all documents that support your Affirmative Defense that "[w]ith respect to Count Four, Virginia Code § 40.1-29 does not provide for the recovery of attorney's fees."

**RESPONSE:** See Virginia Code § 40.1-29.

21. Please produce all documents that support your Affirmative Defense that with respect to Count Four, Plaintiff's claim for "back pay is limited, and her claim for front pay and benefits is eliminated pursuant to the after-acquired evidence doctrine based upon Plaintiff's breaches of the ECS, Inc. Employment Proprietary Information, Inventions and Non-Competition Agreement including paragraphs 1.1, 1.4 and 7, breach of fiduciary duty, conversion and other wrongful acts involving her misappropriation of confidential, proprietary and trade secret information of Defendant ECS."

**RESPONSE:** See ECS 000079-83, 97, 416-417, 422-24, 487-88. 923-1056, 1057-1226, 1287-1289. See also, PL00029-78, 132-146, 171-235, 239-259, 261-289, 292-353, 359-360, 366-374, 389-403, 407-453, 491-574, 577-679.

22. Please produce all documents that support your Affirmative Defense that with respect to Count Four, "Defendants expressly deny that Defendants violated § 40.1-29, however, in the alternative, any such claim for payment was waived based upon Ms. Marsteller's acceptance of the $94,986 bonus payment in December of 2011."

**RESPONSE**: See ECS001290-1291.

23. Please produce all documents that support your Affirmative Defense that with respect to Count Four, "Defendants expressly deny that Defendants violated § 40.1-29, however, in the alternative, damages related to any such claim for payment should be setoff based upon Ms. Marsteller's acceptance of the $94,986 bonus payment in December of 2011."

**RESPONSE**: See ECS001290-1291.

24. Please produce all documents that support your Affirmative Defense that with respect to Count Five, "Defendants expressly deny that any representation of promise of payment of 1 % of the value of the USPS NCSC contract was ever made to Ms. Marsteller, however, in the alternative, to the extent it is asserted Jeff Powell made any such representation or promise, he acted without actual or apparent authority."

**RESPONSE**: There are no responsive documents.

25. Please produce all documents that support your Affirmative Defense that with respect to Count Five, "Defendants expressly deny that Defendants engaged in fraud; however, in the alternative, any such claim for payment was waived based upon Ms. Marsteller's acceptance of the $94,986 bonus payment in December of 2011."

RESPONSE: See ECS001290-1291.

26. Please produce all documents that support your Affirmative Defense that with respect to Count Five, "Defendants expressly deny that Defendants engaged in fraud; however, in the alternative, damages related to any such claim for payment should be setoff based upon Ms. Marsteller's acceptance of the $94,986 bonus payment in December of 2011."

RESPONSE: See ECS001290-1291.

27. Please produce all documents that support your Affirmative Defense that with respect to Count Six, "Defendants expressly deny that any representation of promise of payment of 1% of the value of the USPS NCSC contract was ever made to Ms. Marsteller, however, in the alternative, to the extent it is asserted Jeff Powell made any such representation or promise, he acted without actual or apparent authority."

RESPONSE: There are no responsive documents.

28. Please produce all documents that support your Affirmative Defense that with respect to Count Six, "Defendants expressly deny that Defendants engaged in constructive fraud; however, in the alternative, any claim for payment was waived based upon Ms. Marsteller's acceptance of the $94,986 bonus payment in December of 2011."

RESPONSE: See ECS001290-1291.

29. Please produce all documents that support your Affirmative Defense that with respect to Count Four, "Defendants expressly deny that Defendants engaged in constructive fraud; however, in the alternative, damages related to any such any claim for payment should be setoff based upon Ms. Marsteller's acceptance of the $94,986 bonus payment in December of 2011."

**RESPONSE:** See ECS001290-1291.

30. Please produce all documents that support your Affirmative Defense that "[w]ith respect to Counts Seven and Eight, Defendants' actions were privileged and justified."

**RESPONSE:** See ECS000001-42, 52-70, 87, 97, 111, 134-217, 416, 418-19, 436, 449, 566.

31. Please produce all documents that support your Affirmative Defense that "[w]ith respect to Counts Seven and Eight, the claims are barred by the intra-corporate immunity defense."

**RESPONSE:** See ECS000138.

Respectfully submitted,

ECS Federal, Inc.
*By Counsel*

*/s/ Michael E. Barnsback*
Michael E. Barnsback, Esquire
Virginia State Bar No. 33113
LeClairRyan
2318 Mill Road, Suite 1100
Alexandria, VA 22314
Phone: 703-647-5931
Fax: 703-647-5993
Email: michael.barnsback@leclairryan.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September 2013, the foregoing was served via electronic mail to counsel for Plaintiff at the address below:

> Carla D. Brown (VSB No. 44803)
> Charlson Bredehoft Cohen Brown & Sakata, P.C.
> 11260 Roger Bacon Drive, Suite 201
> Reston, Virginia 20190
> cbrown@cbcblaw.com

*/s/ Michael E. Barnsback*
Michael E. Barnsback