# ATTACHMENT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JACQUELINE D. MARSTELLER )<br><br>        Plaintiff, )<br><br>v. )<br><br>ECS FEDERAL, INC. )<br>f/k/a ELECTRONIC CONSULTING )<br>SERVICES, INC., et al. )<br><br>        Defendants. )<br>) | Civil Action: 1:13-cv-00593 JCC/JFA |

## DEFENDANT ECS FEDERAL, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant ECS Federal, Inc. ("Defendant," "ECS"), by counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 26(C), hereby submits its responses and objections to Plaintiff Jacqueline D. Marsteller's ("Plaintiff," "Ms. Marsteller") First Request for Production of Documents.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

2.      The definition of "ECS" as including "its subsidiaries, affiliates, predecessors and associated corporations, partnerships and entities," is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it encompasses entities that are not parties to this action.

4(a).      The definition of "Document" is unduly burdensome and is overly broad as it goes beyond the definition of "documents" found in Fed.R.Civ.P. 34(a).

4(b).   The Federal Rules of Civil Procedure, Rules 26 and Rule 24, do not require a party to provide such information in response to requests for production of documents.

4(c), (d):   A blanket demand to produce all ESI in original format with metadata included is burdensome and expensive, and outweighs its likely benefit considering the needs of the case. Rule 34 required that each request must specify the form of production, and does not permit the type of blanket demand propounded by Plaintiff. Moreover, the parties are required under Rule 16 to meet and confer on the production of ESI.

5.   The definition of "Person" as including "any predecessors or successors in interest," is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it encompasses entities that are not parties to this action.

6.   Rule 34 does not require a responding party to provide the written information sought under the definition for "identity," or "identify," or "describe," or "detail."

7.   Defendant objects to the definition of the terms "relating to," "regarding," and "referring to" to the extent the definitions are contrary to their common usage and dictionary definition.

11.   Rule 34 does not require a responding party to provide the written information requested.

12.   Defendant objects to the instructions concerning privilege in that they attempt to impose greater requirement to assert a privilege than what is required Rule 26(b)(5).

13.   Defendant objects to the time period as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## RESERVATION OF OBJECTIONS

1.      Defendant reserves the right to object to the production of documents subject to the attorney-client privilege and work product doctrine upon identification of such protected information during the course of discovery.

2.      In responding to these requests, Defendant does not conceded and specifically reserves the right to object to the admissibility of the documents produced.

## RESPONSES AND OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS

*Documents Identified in Interrogatories and Initial Disclosures*

1.      Please produce all documents which relate to, support, or are reflected in your answers to Plaintiff First Set of Interrogatories to you, or that relate to or otherwise support your response to any interrogatory.

**OBJECTION**:   The request is overly broad in that it fails to "describe with reasonable particularity each item or category of items to be inspected," as required by Rule 34(b)(1)(A).

2.      Please produce all documents you identified in your Initial Disclosures.

**RESPONSE**:  Responsive documents will be produced.

3.      Please produce all documents relating to or supporting your partial or full denial of any allegations in the Amended Complaint.

**OBJECTION**:   The request is overly broad in that it fails to "describe with reasonable particularity each item or category of items to be inspected," as required by Rule 34(b)(1)(A).

*Plaintiff's Performance and Employment*

4.    Please produce all documents kept in any file which reference or relate to Ms. Marsteller in any way, including her personnel file, and all documents relating to Ms. Marsteller's compensation, performance, bonuses, promotions and any other terms of employment.

**RESPONSE**:  See ECS000067-125, 220-221, 224-253, 358, 360-406, 491-493, 526-542, 551-559.

5.    Please produce all documents that refer or relate in any manner to the recruitment and hiring of Ms. Marsteller, and the terms of her hire.

**RESPONSE**:  See ECS000359.

6.    Please produce any job description(s) for any position held by Ms. Marsteller during her tenure with the ECS.

**RESPONSE**:  Responsive documents, if any, will be produced.

7.    Please produce copies of all correspondence, including emails, between Ms. Marsteller and ECS.

**OBJECTION**:   The request is overly broad in that it fails to "describe with reasonable particularity each item or category of items to be inspected," as required by Rule 34(b)(1)(A), it is unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**:   Subject to and without waiving the foregoing objection, correspondence, including emails, is produce in response to other requests that described each category with reasonably particularity.

8. Please produce copies of all correspondence, including emails, between ECS and any individual or entity, internal or external to ECS, that refer or relate to Ms. Marsteller in any manner.

**OBJECTION**:   The request is overly broad in that it fails to "describe with reasonable particularity each item or category of items to be inspected," as required by Rule 34(b)(1)(A), it is unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.   Further, the request seeks correspondence between ECS and its counsel which is protected by the attorney-client and work-product privileges.

**RESPONSE**:   Subject to and without waiving the foregoing objection, correspondence, including emails, is produce in response to requests that described each category with reasonably particularity.

9.   Please produce copies of all documents that refer or relate to any performance deficiencies of Ms. Marsteller.

**RESPONSE**: See ECS000001-9, 13-14, 17-22, 47-54, 250-251.

10.     For any performance deficiencies ECS alleges Ms. Marsteller had, please produce all documents that constitute, refer or relate to any supervisory or managerial employee of ECS counseling, reprimanding or otherwise informing Ms. Marsteller of the alleged performance deficiency.

**RESPONSE**: See ECS000005-6, 17-22, 47-52, 224-228.

11.     Please produce any notes or minutes taken by any person at any and all meetings attended by Ms. Marsteller or at which Ms. Marsteller was discussed in any manner.

**OBJECTION**:   The request is overly broad in that it fails to "describe with reasonable particularity each item or category of items to be inspected," as required by Rule 34(b)(1)(A), it is unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

12.     Please produce all documents that refer or relate in any manner to the termination of Ms. Marsteller.

**RESPONSE**: See ECS353-354.

13.     Please produce all documents that refer or relate in any manner to Ms. Marsteller's ownership percentage in ECS.

**RESPONSE**: There are no responsive documents.

14.     Please produce copies of all agreements between ECS and Ms. Marsteller, including but not limited to Employment Agreements, Ownership Agreements or Change in Control Agreements, and any drafts or versions of any such agreements.

**RESPONSE**: See ECS000079-83, 561-569.


15.     Please produce all documents that refer or relate in any manner to Ms. Marsteller's pipeline, pipeline reporting, or her business unit revenue targets.

**RESPONSE**: See the documents produced in response to request No. 17.  See also ECS000250-251, 571-607.


16.     Please produce all documents that refer or relate in any manner to Ms. Marsteller's work on the USPS NCSC contract win.

**RESPONSE**: See ECS000494-525.


17.     Please produce all documents that refer or relate in any manner to Ms. Marsteller's bonus and/or commission structure, including any changes in the structure (including any changes when Ms. Marsteller was reclassified to Capture Manager).

**RESPONSE**: See ECS000010-12, 15-16, 23-32, 41-42, 46, 53-54, 55-66, 218-219, 222-223, 255, 355-357, 545-550.

18.     Please produce all documents that refer or relate to commission for the USPS NCSC contract, including documents relating to Ms. Marsteller's eligibility to receive commission for the USPS NCSC contract, or discussions or agreement with Ms. Marsteller regarding commission on the USPS NCSC contract win.

RESPONSE:  There are no responsive documents.


19.     Please produce document that refer or relate in any manner to Ms. Marsteller and commission for the USDA FSA contract task orders or the GNMA contract.

RESPONSE:  There are no responsive documents.


20.     Please produce all documents that refer or relate to the decision to place Ms. Marsteller in a capture management role and/or to classify her as a Capture Manager.

RESPONSE:  See ECS000069-70, 126-128, 142-217, 243-352, 543-544.


21.     Please produce all documents that refer or relate to any plan, intent, interest or offer to hire Ms. Marsteller as a consultant after her termination.

RESPONSE:  Responsive documents, if any, will be produced.


22.     Please produce copies of all policies or procedures of ECS respecting performance appraisals and how performance appraisals are to be conducted.

RESPONSE:  See ECS000439-40.

23.     Please produce copies of all documents sufficient to show ECS' revenue for the past five years, including a comparison of plan to actual revenue for each year, broken down by division.

**OBJECTION**:     The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as ECS's revenue is not at issue in the claims or defenses in this matter.  The request also seeks confidential financial information of ECS that would be subject to an appropriate confidentiality order.

*Comparative Data and Personnel Files*

24.     Please produce Scott Weaver's personnel file, including all documents related to year end bonuses, commissions, his pipeline, objectives, actual to target/goal numbers, ownership, and his qualifications and expertise.

**OBJECTION**:   The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that Mr. Weaver's entire personal file contains personal family and financial information that is not relevant to the claims or defenses in this matter.  Documents related to "year end bonuses, commissions, his pipeline, objectives, actual to target/goal numbers, ownership, and his qualifications and expertise," will be produced subject to an appropriate confidentiality order.

**RESPONSE**:  See ECS000023-40, 262.

25.     Please produce the personnel files, including all documents related to year end bonuses, commissions, pipelines, objectives, actual to target/goal numbers, ownership, and 8 qualifications and expertise of all ECS Account Executives and/or members of the Senior Leadership Team, or other employees, that ECS considered to be comparators to Ms. Marsteller.

**OBJECTION**:   The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that Account Executive's entire personal file contains personal family and financial information that is not relevant to the claims or defenses in this matter.   Documents related to "year end bonuses, commissions, his pipeline, objectives, actual to target/goal numbers, ownership, and his qualifications and expertise," will be produced subject to an appropriate confidentiality order.

**RESPONSE**:   See ECS000023-40, 55-60, 254-292.


26.     Please produce all documents that refer or relate to any agreement between ECS (formal or informal, written or verbal) and Stanley Goodwin for bonuses, commission or compensation to Stanley Goodwin related in any manner to the Army PEO STRI work, business or contract.

**RESPONSE**:   Responsive documents will be produced.


27.     Please produce documents sufficient to show the pipeline of each Account Executive at the time of Ms. Marsteller's termination, including Ms. Marsteller.

**OBJECTION**:   Such information constitutes confidential information of ECS and will be produced subject to an appropriate confidentiality order.

**RESPONSE**:   See ECS000571-607.


28.     Please produce documents sufficient to determine the percentage of revenue attributed to each Account Executive that is attributable to 8(a) business.

**RESPONSE**:   Responsive documents, if any, will be produced.

29.    Please produce documents sufficient to reflect hiring, salary increases, bonuses, promotions, demotions, disciplinary action and/or terminations of females by ECS.

**OBJECTION**:   The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations of disparate treatment or a pattern and practice of discrimination, and no allegations of discrimination on the basis of gender in hiring, salary increases, bonuses, promotions, demotions or disciplinary action of females.

30.    Please produce copies of all documents reflecting each complaint any employee has made against any employee of ECS in the position of manager or above (including supervisors and officers) or against ECS itself, with respect to gender discrimination, whether written or oral, internally to any ECS managerial or supervisory employee, or with any outside administrative agency, from 2001 to the present. With respect to each complaint, please provide all documents relating to each investigation and action taken by ECS, and the final result of each such complaint and how it impacted the employees making the complaint or the employees who were the subject of the complaint.

**OBJECTION**:   The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations of disparate treatment or a pattern and practice of discrimination, further the request is not limited to complaints against the specific individuals alleged to have engaged in discrimination in this matter.

11

31.   Please produce documents sufficient to show the gender of each employee of ECS, and the breakdown of the gender by level (VP, Senior VPs, etc.) for each managerial or supervisory position (including officers and directors).

**OBJECTION**:   The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations of disparate treatment or a pattern and practice of discrimination.

32.   Please produce documents reflecting the gender of all employees of ECS, broken down by position and level.

**OBJECTION**:   The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations of disparate treatment or a pattern and practice of discrimination.

33.   Please produce documents sufficient to identify each member of the Senior Leadership Team.

**RESPONSE**:   See ECS000129-141.

34.   Please produce documents reflecting hiring and promotions of all females at or to managerial roles, and separately of males.

**OBJECTION**:   The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations of disparate treatment or a pattern and practice of discrimination.

*Policies, Procedures and Education*

35.   Please produce all documents reflecting the policies, practices and procedures established for any and all employees of ECS who complained of gender discrimination since 2003, and, if different, produce all documents identifying the actual practices used at ECS for filing and investigating such complaints.

**OBJECTION**:   The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations of disparate treatment or a pattern and practice of discrimination, and there are no allegations that Plaintiff made any complaint of discrimination or that Defendant failed to investigate any alleged complaint.

36.   Please produce all documents reflecting or identifying proper procedures employees should follow in order to make a complaint regarding a supervisor or any other employee, and the procedures for requesting an outside investigation of any such complaint, and for ensuring the complaint is investigated by a fair and impartial investigator.

**OBJECTION**:   The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as there are no allegations of disparate treatment or a pattern and practice of discrimination, and there are no allegations that Plaintiff made any complaint of discrimination or that Defendant failed to investigate any alleged complaint.

37.   Please produce documents sufficient to reflect all educational materials and/or seminars provided to any and each employee of Defendant since 2003 regarding gender discrimination.

(The documents should reflect which employees received what and the specific underlying materials provided.)

**OBJECTION**:   The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it seeks information regarding all employees and is not limited to the specific individuals alleged to have engaged in gender discrimination in the instant complaint.

38.   Please produce copies of any employee handbook disseminated by ECS or otherwise in effect since 2006.

**RESPONSE**: See ECS000407-490.

39.   Please produce copies of any ECS policies, practices, or procedures respecting gender discrimination since or in effect as of 2001.

**OBJECTION**:   The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information predating Plaintiff's employment with Defendant.

**RESPONSE**:   Subject to and without waiving the foregoing objection, see the response to request No. 38.

*Miscellaneous*

40.    Please produce all documents that refer or relate in any manner to any intent, desire, interest, offer or plan by ECS to hire Ms. Marsteller as a consultant after her termination.

**RESPONSE**:  Responsive documents, if any, will be produced.


41.    Please produce all documents that refer or relate to Ms. Marsteller's work on any aspect of the USPS NCSC contract.

**OBJECTION**:   The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, as Plaintiff's claims do not relate to "work on any aspect" of the contract.


42.    Please produce all documents that refer or relate to any representations made to Ms. Marsteller regarding the USPS NCSC bonus/commission, including, but not limited to, any representation that Ms. Marsteller would be awarded 1 % of the value of the USPS NCSC contract award.

**RESPONSE**:  There are no responsive documents.


43.    Please produce all documents that refer or relate to the reasons ECS did not award Ms. Marsteller any commission or bonus on the USPS NCSC contract win.

**RESPONSE**:  There are no responsive documents.

44.     Please produce documents sufficient to show to whom or to what the commission/bonus from the USPS NCSC contract win was allocated (since Ms. Marsteller did not receive it).

**RESPONSE**:  There are no responsive documents with respect to any commission for the USPS NCSC contract.  Responsive documents respect to the bonus awarded to Tess Swatt and the $94,986 bonus paid to Ms. Marsteller in relation to the USPS NCSC win will be produced.  See also ECS000255, 550.

45.     Please produce all documents that refer or relate to any business that was in Ms. Marsteller's pipeline at the time of her termination that ECS continued to pursue in any manner, whether or not a contract, task order, or any other business resulted. For any that resulted in a contract, task order or business, please produce all documents to determine the value of the business and the revenue generated by ECS to date from that contract, task order or business.

**RESPONSE**:  Responsive document, if any, will be produced..

*Corporate Information*

46.     Please produce all documents, including organizational charts, for ECS (including reporting relationships and chains of command).

**RESPONSE**:  See ECS000129-141.

47.     Please produce all employee policies and procedures in effect at any time while Ms. Marsteller was employed by the ECS.

**OBJECTION**:   The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as all employee policies and procedures are not relevant to the claims or defenses raised in this matter.

**RESPONSE**:  Subject to and without waiving the foregoing objection, see ECS 000407-490.

48.   Please produce copies of any and all insurance policies and rate schedules held by any carrier with respect to potential coverage, and limits of potential coverage, of claims against you by employees or former employees, or any person with an employment related claim against you.

**OBJECTION**:  To the extent the request seeks rate schedules it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**:  Responsive documents will be produced.

49.   Please produce copies of any insurance policies held at any time by you which may cover all or part of any damages awarded to plaintiff in this lawsuit.

**RESPONSE**:  Responsive documents will be produced.

*Damages*

50.   Please produce all documents relate in any manner to Ms. Marsteller, her damages claimed or any defenses you may have to the claims made by Ms. Marsteller.

**OBJECTION**:   The request is overly broad in that it fails to "describe with reasonable particularity each item or category of items to be inspected," as is required by Rule 34(b)(1)(A), and it is unduly burdensome.

51.    Please produce all documents supporting any claim by you that Ms. Marsteller did not mitigate her damages or has waived her rights.

**RESPONSE**: Responsive documents will be produced.

*Financials*

52.    Please produce all documents reflecting your financial status for the past three years, including but not limited to, federal and state tax returns, all profit and loss statements, all applications for credit, financial statements and balance sheets.

**OBJECTION**:    ECS's financial status is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Even to the extent Plaintiff has sought punitive damages, the request is overly broad and the request for such information is premature. *See, e.g. Fontell v. Hassett*, 2012 WL 5388884, *1 (D.Md. Nov. 1, 2012)("evidence of a defendant's wealth is probative and admissible only where a prima facie case for punitive damages has been established" and maintaining protective order against inquiry on such topics because plaintiff had not established prima facie case for punitive damages); *Moore v. Dan Holdings, Inc.,* 2013 WL 1833557, *14 (M.D.N.C. Apr. 30, 2013)("this Court opts to join the growing number of federal courts across the country that take the general view that the mere inclusion of a bald demand for punitive damages in a pleading does not entitle a litigant to discovery of sensitive financial information"(citing numerous cases)).

*Answer and Grounds of Defense*

53.    Please produce all documents relating to or supporting your partial or full denial of any of the allegations contained in the Amended Complaint filed in this action.

**OBJECTION**:   The request is overly broad in that it fails to "describe with reasonable particularity each item or category of items to be inspected," as required by Rule 34(b)(1)(A), and it is unduly burdensome.

54.    Please produce all statements, whether written, oral, electronic, or recorded, by any person regarding any aspect of the claims, defenses, or facts relevant to this case.

**OBJECTION**:   Defendant objects to the extent the request seeks information protected from production by the attorney-client privilege, the work-product doctrine or other applicable privilege.

*Other*

55.    Please produce all documents that constitute, reflect, refer or relate to documents received by you, your attorneys, or your or their agents in response to any subpoena or FOIA request issued by you, your attorneys, or your or their agents relating to this case.

**RESPONSE**:   Responsive documents, if any, will be produced.

56. For each Request for Admission you deny, either in whole or in part, please produce all documents supporting any such denial.

**OBJECTION**:   The request is overly broad in that it fails to "describe with reasonable particularity each item or category of items to be inspected," as required by Rule 34(b)(1)(A), and it is unduly burdensome.

Respectfully submitted,

ECS Federal, Inc.
*By Counsel*

Michael E. Barnsback, Esquire
Virginia State Bar No. 33113
LeClairRyan
2318 Mill Road, Suite 1100
Alexandria, VA  22314
Phone: 703-647-5931
Fax: 703-647-5993
Email: michael.barnsback@leclairryan.com

## CERTIFICATE OF SERVICE

I hereby certify that on 12th day of August 2013, the foregoing was served via electronic mail and first class mail to counsel for Plaintiff at the address below:

Carla D. Brown (VSB No. 44803)
Charlson Bredehoft Cohen Brown & Sakata, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
cbrown@cbcblaw.com

Michael E. Barnsback