**ATTACHMENT 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JACQUELINE D. MARSTELLER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ECS FEDERAL, INC. )<br>f/k/a ELECTRONIC CONSULTING )<br>SERVICES, INC., et al. )<br>)<br>Defendants. )<br>) | Civil Action: 1:13-cv-00593 JCC/JFA |

**DEFENDANT ECS FEDERAL, INC.'S OBJECTIONS TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant ECS Federal, Inc. ("Defendant," "ECS"), by counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby submits its responses and objections to Plaintiff Jacqueline D. Marsteller's ("Plaintiff," "Ms. Marsteller") Second Request for Production of Documents.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

2. The definition of "ECS" as including "its subsidiaries, affiliates, predecessors and associated corporations, partnerships and entities," is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it encompasses entities that are not parties to this action.

4(a). The definition of "Document" is unduly burdensome and is overly broad as it goes beyond the definition of "documents" found in Fed.R.Civ.P. 34(a).

4(b).   The Federal Rules of Civil Procedure, Rules 26 and Rule 24, do not require a party to provide such information in response to requests for production of documents.

4(c), (d):   A blanket demand to produce all ESI in original format with metadata included is burdensome and expensive, and outweighs its likely benefit considering the needs of the case. Rule 34 required that each request must specify the form of production, and does not permit the type of blanket demand propounded by Plaintiff. Moreover, the parties are required under Rule 16 to meet and confer on the production of ESI.

5.   The definition of "Person" as including "any predecessors or successors in interest," is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it encompasses entities that are not parties to this action.

6.   Rule 34 does not require a responding party to provide the written information sought under the definition for "identity," or "identify," or "describe," or "detail."

7.   Defendant objects to the definition of the terms "relating to," "regarding," and "referring to" to the extent the definitions are contrary to their common usage and dictionary definition.

11.   Rule 34 does not require a responding party to provide the written information requested.

12.   Defendant objects to the instructions concerning privilege in that they attempt to impose greater requirement to assert a privilege than what is required Rule 26(b)(5).

13.   Defendant objects to the time period as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

## RESERVATION OF OBJECTIONS

1.  Defendant reserves the right to object to the production of documents subject to the attorney-client privilege and work product doctrine upon identification of such protected information during the course of discovery.

2.  In responding to these requests, Defendant does not concede and specifically reserves the right to object to the admissibility of the documents produced.

ECS reserves the right to supplement these responses.

## DOCUMENT REQUESTS

1.  Please produce copies of all proposal "Debriefs" as discussed during Roy Kapani's deposition, for the years 2008-December 2011.

**OBJECTION:** The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. All proposal Debriefs, although inquired about during Mr. Kapani's deposition, are not relevant to the claims or defenses in this matter.

2.  Please produce copies of all proposal "Debriefs" relating to proposals for work to be performed for USDA IT A.

**OBJECTION:** The request is not reasonably calculated to lead to the discovery of admissible evidence. All proposal Debriefs relating to proposals for work to be performed for USDA IT A, are not relevant to the claims or defenses in this matter.

3

3. Please produce copies of all proposal "Debriefs" relating to proposals for work to be performed for USPS NCSC.

**OBJECTION:** ECS does not object to this request, subject to the Confidentiality Order.

4. Please produce copies of the Minutes from the 2010 Strategic Planning session and the one page Strategic Plans for years 2007, 2008 and 2009.

**OBJECTION:** ECS does not object to this request, subject to the Confidentiality Order.

5. Please produce the personnel files for the following individuals:

- Scott Weaver
- Mike Sinisi
- Alan Goldstayn
- Richard August
- Stu Williams
- Neel Gopalani
- Randy Ball
- Darian Dennis
- Sandra Dickinson
- Tess Swatt
- Beverly Drees
- Geoff Raines
- Pete Santegan
- Jeff Powell
- Any Account Executive hired by ECS after Ms. Marsteller's termination.

**OBJECTION:** The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the entire personal files contain personal family and financial information that is not relevant to the claims or defenses in this matter.

6.      To the extent not included in the personnel files of the individuals listed above in Request No.3, please produce copies of the W-2s for each individual for the years 2010-12, and all documents sufficient to show bonuses earned by each individual at any time 2010-12.

**OBJECTION:** The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Marsteller's claim is limited to her termination. The compensation that other employee's earned is not relevant to her claims and requires the disclosure of private financial information of non-parties..

7.      For Geoff Raines, please produce copies of his W-2s for the years 2004-06, and all documents sufficient to show bonuses earned by him for the years 2004-06.

**OBJECTION:** The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Marsteller's claim is limited to her termination. The compensation that other employee's earned is not relevant to her claims and requires the disclosure of private financial information of non-parties..

8.      For Geoff Raines, please produce copies of all contracts included in any bonus pool for payment to him from the years 2004-06, including all documents indicating the amount of the contract award.

**OBJECTION:** The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The contracts between the U.S. government and ECS with which Mr. Raines was involved and the contract award is not relevant to any of Ms. Marsteller's claims and predates Ms. Marsteller's employment with ECS.

5

9. Please produce a copy of the personnel files of any person hired to support Darian Dennis after 2010.

**OBJECTION:** The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence, particularly the details of the employment of support staff have no relevant to any of Ms. Marsteller's claims. Moreover, the entire personal files contain personal family and financial information that is not relevant to the claims or defenses in this matter.

10. Please produce copies of any separation agreement, or other similar agreement, presented to and/or signed by Jeff Powell, from 2010 to present.

**OBJECTION:** The request is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Marsteller is not claiming that she should have received a separation agreement or any discrimination with regard to the separation agreement that was offered to her.

11. Please produce Jeff Powell's Change in Control Agreement or any agreement between Jeff Powell and ECS that contained a change in control provision.

**OBJECTION:** The request is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Marsteller is not claiming that she did not receive a Change in Control Agreement or any discrimination with regard to the Change in Control Agreement that was offered to her.

12. Please produce copies of the personnel files (including the job/employment applications) for each person hired by ECS with business development responsibilities from 2011-present.

6

**OBJECTION:** The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to individuals employed in the Account Executive position. Further, the entire personal files contain personal family and financial information that is not relevant to the claims or defenses in this matter.

13. Please produce copies of all emails between Roy Kapani and Jeff Powell on 12/10/10 and 12/11/10.

**OBJECTION:** The request is overly broad in that it fails to "describe with reasonable particularity each item or category of items to be inspected," as required by Rule 34(b)(1)(A) as it seeks "all emails between Roy Kapani and Jeff Powell" without regard to subject matter.

14. Please produce copies of all emails to and from Jackie Marsteller on 12/10/10 and 12/11/10.

**OBJECTION:** The request is overly broad in that it fails to "describe with reasonable particularity each item or category of items to be inspected," as required by Rule 34(b)(1)(A) as it seeks "all emails to and from Jackie Marsteller" without regard to subject matter.

15. Please produce a copy of the PEO STRI contract

**OBJECTION:** The request is not reasonably calculated to lead to the discovery of admissible evidence. The terms of the PEO STRI contract are not relevant to the claims or defenses in this matter.

16. Please produce a job summary for PEO STRI and any other documents that would reflect the amount of revenue on the contract.

**OBJECTION:** The request is not reasonably calculated to lead to the discovery of admissible evidence. The job summary of the PEO STRI contract is not relevant to the claims or defenses in this matter.

17. Please produce a copy of the USPS NCSC contract.

**RESPONSE:** ECS has already produced the USPS NCSC contract.

18. Please produce a job summary for USPS NCSC and any other documents that would reflect the amount of revenue on the contract.

**OBJECTION:** ECS does not object to this request, subject to the Confidentiality Order.

19. Please produce a copy of the teaming agreement with Harris related to the USPS NCSC contract.

**OBJECTION:** ECS does not object to this request, subject to the Confidentiality Order.

20. Please produce copies of all correspondence between Anthony Schulien and any other person relating in any manner to the USPS NCSC contract.

**OBJECTION:** The request is overly broad in that it fails to "describe with reasonable particularity each item or category of items to be inspected," as required by Rule 34(b)(1)(A), "relating in any manner to the USPS NCSC contract," is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

8

21. Please produce copies of all correspondence relating in any manner to the USPS NCSC contract and/or the teaming agreement and subcontract with Harris.

**OBJECTION**: The request is overly broad in that it fails to "describe with reasonable particularity each item or category of items to be inspected," as required by Rule 34(b)(1)(A), "relating in any manner to the USPS NCSC contract and/or teaming agreement and subcontract with Harris," is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

22. Please produce copies of all notes, invoices, or other records indicating services provided by Jim Chulcheka to ECS.

**OBJECTION:** The request is not reasonably calculated to lead to the discovery of admissible evidence. The services and invoices provided by Jim Chulcheka are not relevant to the claims or defenses in this matter.

23. Please produce copies of all documents received from Patuxent Value Group related to any valuation of ECS at any time from January 1, 2010 through the present.

**OBJECTION**: ECS's financial status is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Even to the extent Plaintiff has sought punitive damages, the request is overly broad and the request for such information is premature. *See, e.g., Fontell v. Hassett*, 2012 WL 5388884, *1 (D. Md. Nov. 1, 2012) ("evidence of a defendant's wealth is probative and admissible only where a prima facie case for punitive damages has been established" and maintaining protective order against inquiry on such topics because plaintiff had

9

not established prima facie case for punitive damages); *Moore v. Dan Holdings, Inc.*, 2013 WL 1833557, *14 (M.D.N.C. Apr. 30, 2013) ("this Court opts to join the growing number of federal courts across the country that take the general view that the mere inclusion of a bald demand for punitive damages in a pleading does not entitle a litigant to discovery of sensitive financial information" (citing numerous cases)).

24. Please produce copies of all ISO documents, procedures and/or practices that ECS maintains that Jackie Marsteller misused.

**RESPONSE:** ECS has already produced documents in response to this request.

25. Please produce copies of all documents (including invoices) for any consultant that ECS maintains assisted ECS with its ISO documents, procedures or practice.

**OBJECTION:** ECS does not object to this request, subject to the Confidentiality Order.

26. Please produce a copy of the strategic plan ECS alleges Jackie Marsteller provided to Paul Ausley (as testified to by Roy Kapani in his deposition).

**OBJECTION:** ECS does not object to this request, subject to the confidentiality order.

27. Please produce copies of all documents sufficient to show the number of Government Wide Acquisition Contracts (GWAC) ECS had prior to Ms. Marsteller's employment with ECS.

**OBJECTION:** The request is not reasonably calculated to lead to the discovery of admissible evidence. The information sought is not relevant to the claims or defenses in this matter.

10

28. Please produce copies of all documents sufficient to show the number of Government Wide Acquisition Contracts (GWAC) ECS has today, and separately, for each year from 2006 through the present.

**OBJECTION:** The request is not reasonably calculated to lead to the discovery of admissible evidence. The information sought is not relevant to the claims or defenses in this matter.

29. Please produce copies of all GWAC contracts awarded to ECS.

**OBJECTION:** The request is not reasonably calculated to lead to the discovery of admissible evidence. The terms of the GWAC contracts awarded to ECS is not relevant to the claims or defenses in this matter.

30. Please produce copies of all emails between anyone from ECS and Libby Hendrix relating to Kebo Mendley.

**OBJECTION:** The request is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The information sought is not relevant to the claims or defenses in this matter.

31. Please produce documents related to ECS' ISO procedures regarding the modification of any teaming agreement.

**OBJECTION:** ECS does not object to this request, subject to the Confidentiality Order.

32. Please produce copies of ECS' audited financial statements for the years 2006 through the present.

**OBJECTION**: ECS's financial status is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Even to the extent Plaintiff has sought punitive damages, the request is overly broad and the request for such information is premature. *See, e.g., Fontell v. Hassett*, 2012 WL 5388884, *1 (D. Md. Nov. 1, 2012) ("evidence of a defendant's wealth is probative and admissible only where a prima facie case for punitive damages has been established" and maintaining protective order against inquiry on such topics because plaintiff had not established prima facie case for punitive damages); *Moore v. Dan Holdings, Inc.*, 2013 WL 1833557, *14 (M.D.N.C. Apr. 30, 2013) ("this Court opts to join the growing number of federal courts across the country that take the general view that the mere inclusion of a bald demand for punitive damages in a pleading does not entitle a litigant to discovery of sensitive financial information" (citing numerous cases)).

33. Please produce copies of documents sufficient to show the amount of cash required to complete the acquisition of any company made by ECS from 2011 through the present.

**OBJECTION**: ECS's financial status and case required to complete any acquisition is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Even to the extent Plaintiff has sought punitive damages, the request is overly broad and the request for such information is premature. *See, e.g., Fontell v. Hassett*, 2012 WL 5388884, *1 (D. Md. Nov. 1, 2012) ("evidence of a defendant's wealth is probative and admissible only where a prima facie case for punitive damages has been established" and maintaining protective order against inquiry

on such topics because plaintiff had not established prima facie case for punitive damages); *Moore v. Dan Holdings, Inc.*, 2013 WL 1833557, *14 (M.D.N.C. Apr. 30, 2013) ("this Court opts to join the growing number of federal courts across the country that take the general view that the mere inclusion of a bald demand for punitive damages in a pleading does not entitle a litigant to discovery of sensitive financial information" (citing numerous cases)).

34. Please produce copies of all expense reports for Ms. Marsteller from 2009 to the present, including documents sufficient to show any charge not approved for payment or reimbursement.

**OBJECTION**: The request is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as Ms. Marsteller's expense reports are not relevant to the claims or defenses in this matter.

35. Please produce documents sufficient to show the number of Cost-Plus contracts ECS had for each year 2008 through the present, and each accompanying contract.

**OBJECTION:** The request is not reasonably calculated to lead to the discovery of admissible evidence. The information sought is not relevant to the claims or defenses in this matter.

36. Please produce copies of all "Contract Pipeline" documents as discussed by Roy Kapani in his deposition, limited to the years 2008-present.

**OBJECTION:** The request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. All "Contract Pipeline" documents, although inquired about during Mr. Kapani's deposition, are not relevant to the claims or defenses in this matter.

13

37. Please produce all documents ECS maintains Ms. Marsteller misappropriated, misused, or disclosed as alleged in its counterclaims.

**OBJECTION:** The request is overly broad and unduly burdensome. Ms. Marsteller seeks the production of hundreds of documents that are already in her possession. Such documents have already been identified on the files lists produced by Sensei. Moreover, through the request Ms. Marsteller seeks the return of documents that she misappropriated in an effort to justify their misappropriation.

38. Please produce all documents ECS maintains Ms. Marsteller converted as alleged in its counterclaims.

**OBJECTION:** The request is overly broad and unduly burdensome. Ms. Marsteller seeks the production of hundreds of documents that are already in her possession. Such documents have already been identified on the files lists produced by Sensei. Moreover, through the request Ms. Marsteller seeks the return of documents that she misappropriated in an effort to justify their misappropriation.

Respectfully submitted,

ECS Federal, Inc.
*By Counsel*

/s/ Michael E. Barnsback

Michael E. Barnsback, Esquire
Virginia State Bar No. 33113
LeClairRyan
2318 Mill Road, Suite 1100
Alexandria, VA 22314

Phone: 703-647-5931
Fax: 703-647-5993
Email: michael.barnsback@leclairryan.com

## CERTIFICATE OF SERVICE

I hereby certify that on 19th day of September 2013, the foregoing was served via electronic mail and first class mail to counsel for Plaintiff at the address below:

Carla D. Brown (VSB No. 44803)
Brian A. Scotti (VSB No. 74510)
Charlson Bredehoft Cohen Brown & Sakata, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
cbrown@cbcblaw.com

_/s/ Michael E. Barnsback_
Michael E. Barnsback

15